# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **TERRI GENEVA MORTON,** | ) | **Civil Action No. 7:13cv00496** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **GILBERT LINDSAY JOHNSON,** | ) | **By: Norman K. Moon** |
| **Defendant.** | ) | **United States District Judge** |

Plaintiff, a Virginia inmate,[1] filed this civil rights action under 42 U.S.C. § 1983. After Defendant failed to respond to the complaint, the Clerk of the Court entered default against him. Plaintiff filed a motion for default judgment, and Defendant moved to set aside the Clerk's entry of default. I referred the matter to United States Magistrate Judge Joel C. Hoppe for a report and recommendation (the "Report") pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Hoppe conducted an evidentiary hearing and now recommends that I deny Defendant's motion to set aside default and grant Plaintiff's motion for default judgment. Judge Hoppe further recommends that I award Plaintiff $2,000 in compensatory damages and $5,000 against Defendant in his individual capacity.

Upon my review of the entire record in this case, and no objection having been filed to the Report within fourteen days of its service upon the parties, I **ADOPT** the Report (docket no. 41) in its entirety.[2] Accordingly, Defendant's motion to set aside the Clerk's entry of default (docket no. 38) is **DENIED**, Plaintiff's motion for default judgment (docket no. 26) is **GRANTED**, and judgment for Plaintiff is **ENTERED** in the amounts of $2,000 in

---

[1] Although Plaintiff filed the complaint as a *pro se* litigant and continues to file *pro se*, an attorney entered a notice of appearance on her behalf and appeared at the hearing before the magistrate judge.

[2] Plaintiff did not object to the Report, but she filed a response to the Report, stating that she would "'consider' the $2,000 for Compensatory Damage's and $5'000 for Punitive Damage's," and asking that the court "consider removing [her] from 'Fluvanna Correctional Center for Women' and placing [her] in the 'Diversion Program'" because she has "21 month's left here" and she does not "feel safe." If Plaintiff wishes to challenge the conditions of her confinement, she may file a separate suit under 42 U.S.C. § 1983.

compensatory damages and $5,000 in punitive damages against Defendant in his individual capacity.

It is so **ORDERED**.  The Clerk is directed to **TERMINATE** this case from the court's active docket.  The Clerk is further directed to send copies of this order to the plaintiff and to all counsel of record.

**ENTER**: This ___21st___ day of July, 2015.

_Norman K Moon_

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE